Scott E. Davis
State Bar No. 016160
SCOTT E. DAVIS, P.C.
8360 E. Raintree Drive, #140
Scottsdale, AZ 85260

Telephone:  (602) 482-4300
Facsimile:  (602) 569-9720
email: davis@scottdavispc.com

*Attorney for Plaintiff Kathleen Gawne*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Kathleen Gawne,<br><br>          Plaintiff,<br><br>     v.<br><br>UnitedHealth Group Short-Term Disability Plan; UnitedHealth Group, Inc.; Sedgwick Claims Management Services,<br><br>          Defendants. | Case No.<br><br>**COMPLAINT** |

Now comes the Plaintiff Kathleen Gawne (hereinafter referred to as "Plaintiff"), by and through her attorney, Scott E. Davis, and complaining against the Defendants, she states:

### *Jurisdiction*

1.      Jurisdiction of the Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover employee benefits.  In addition, this action may be brought before this Court pursuant to 28

U.S.C. §1331, which gives the Court jurisdiction over actions that arise under the laws of the United States.

### *Parties*

2.      Plaintiff is a resident of Pinal County, Arizona.

3.      Upon information and belief, Defendant UnitedHealth Group, Inc. (hereinafter referred to as the "Company") sponsored, subscribed to and administered an Employee Welfare Benefit Plan within the meaning of 29 U.S.C. §1002(I) which was self insured and benefits were paid from the regular pay cycle.  Upon information and belief, the name of the entity is the UnitedHealth Group Short-Term Disability Plan (hereinafter referred to as the "STD Plan") which was created to provide the Company's employees with welfare benefits.

Upon information and belief, the STD Plan states the STD benefits are paid through the regular pay cycle, according to the payroll schedule that would otherwise apply to Plaintiff if she was Actively at Work.

4.      Upon information and belief, the Company or STD Plan may have delegated responsibility for the STD Plan and/or claim administration to Sedgwick Claims Management Services (hereinafter referred to as "Sedgwick").  Plaintiff believes that as it relates to her claim, Sedgwick functioned as the Plan and/or Claim Administrator; however, pursuant to the relevant ERISA regulation, the Company and/or STD Plan may not have made a proper delegation or properly vested fiduciary authority or power for claim administration in Sedgwick.

5.      Upon information and belief, the Company or STD Plan may have also operated under a structural conflict of interest in that they may have operated in dual roles as

the claims administrator and payor of benefits; *to wit*, if one of the aforementioned entities approved Plaintiff's claim it was also liable for payment of benefits. [1]

The Company or STD Plan's conflict of interest may have also led it to retain a company such as Sedgwick to be the claims administrator in that the Company or STD Plan funded the aforementioned STD benefits and would directly benefit financially if Sedgwick administered the STD Plan's claims in a parsimonious manner.  Sedgwick's conflict of interest exists in that if it maintained a parsimonious approach to managing the STD Plan's claims it would benefit by being viewed favorably by the Company or STD Plan who would save money by incurring a lower claims experience with fewer monetary contributions to pay the STD Plan benefits.

6.    The Company, Sedgwick and the STD Plan conduct business within Pinal County and all events giving rise to this Complaint occurred within Pinal County.

### *Venue*

7.    Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

### *Nature of the Complaint*

8.    Incident to her employment, Plaintiff was a covered employee pursuant to the STD Plan and a "participant" as defined by 29 U.S.C. §1002(7).  Plaintiff seeks disability income benefits from the STD Plan pursuant to §502(a)(1)(B) of ERISA, 29

---

[1] In *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 868 (9th Cir. 2008) the court held, "In Bruch, the Supreme Court instructed us to "weigh[ ]" a fiduciary's "conflict of interest" as "a 'facto[r] in determining whether there is an abuse of discretion.' " 489 U.S. at 115 (quoting Restatement (Second) of Trusts § 187 cmt. d (1959)). *MetLife labors under such a conflict of interest: It both decides who gets benefits and pays for them, so it has a direct financial incentive to deny claims.* See Langbein, supra, at 1321 ("The danger pervades the ERISA-plan world that a self-interested plan decision maker will take advantage of its license under Bruch to line its own pockets by denying meritorious claims.")(emphasis added).

U.S.C. §1132(a)(1)(B) as well as any other employee benefits she may be entitled to as a result of being found disabled, including but not limited to, a waiver of any premiums due on a life insurance policy, company provided health insurance benefits (coverage), and company provided retirement, pension and/or 401k contributions.

9.    After working for the Company as a loyal employee, Plaintiff became disabled due to serious medical conditions and was unable to work in her designated occupation as a Community Sales Representative on or about September 14, 2012.

10.    Following her disability, Plaintiff applied for STD benefits under the relevant STD Plan.  The relevant STD Plan provides the following definition of disability:

You are considered Disabled when all of the following conditions have been met:

- You have been seen face to face by a Physician about your Disability within 10 business days of the first day of absence related to the Disability leave of absence;
- Your physician has provided Medical Evidence that supports your inability to perform the Material Duties of your Own Occupation;
- You are under the Regular and Appropriate Care of a Physician; and
- Your Medical Condition is not work related and is a Medically Determinable Impairment.

11.    In support of her claim for short term disability benefits, Plaintiff submitted medical records to Sedgwick from her treating physicians which supported her allegation she met the STD Plan's relevant definition of disability and Plaintiff's claim for short term disability benefits was approved.

12.    Sedgwick informed Plaintiff in a letter dated December 28, 2012 it was terminating her short term disability benefits beyond November 12, 2012.

13.    As part of its review of Plaintiff's claim for short term disability benefits, Sedgwick obtained medical records only "paper reviews" of Plaintiff's claim from Michael A. Rater, M.D. and John Shallcross, PsyD.   Plaintiff believes the various conflicts of

4

interests as referenced herein may have led Sedgwick to retain Drs. Rater and Shallcross to review Plaintiff's claim.

14.    Upon information and belief, Plaintiff believes Drs. Rater and Shallcross are long time consultants for the disability insurance industry and the Defendants.  Due to their relationships with the insurance industry, Plaintiff believes Drs. Rater and Shallcross have an incentive to protect their consulting relationships with the industry and Sedgwick by providing medical records review reports which selectively review or ignore evidence, such as occurred in Plaintiff's claim, in order to provide opinions and report(s) which were favorable to the Defendants and which supported the denial of Plaintiff's claim.

15.    Plaintiff timely appealed Sedgwick's decision to terminate her benefits on or about February 21, 2013 and again submitted to Sedgwick medical records from her treating physicians supporting her allegation she met the relevant definition of disability.

16.    In support of her claim for short term disability benefits, Plaintiff submitted to Sedgwick medical and lay witness evidence demonstrating she met the definition of disability set forth in the relevant STD Plan.

17.    Further supporting her appeal, Plaintiff submitted a narrative letter dated April 10, 2013 from her current treating medical provider who confirmed, "In her current state, it would be difficult for [Plaintiff] to perform adequately in her job responsibilities."

18.    In addition to the medical records and reports submitted to Sedgwick, Plaintiff submitted a sworn affidavit from her prior co-worker and longtime friend who confirmed Plaintiff is unable to work in any occupation and her condition has not improved in any way since her date of disability.

19.    As part of its review of Plaintiff's claim for short term disability benefits, Sedgwick obtained a medical records only "paper review" of Plaintiff's claim from Jennifer

Wisdom-Schepers, M.D.  Plaintiff believes the various aforementioned conflicts of interests may have led Sedgwick to retain Dr. Wisdom-Schepers to review Plaintiff's claim.

20.     Upon information and belief, Plaintiff believes Dr. Wisdom-Schepers is a long time consultant for the disability insurance industry.  Due to her relationship with the insurance industry, Plaintiff believes Dr. Wisdom-Schepers has an incentive to protect her consulting relationship with the industry and Sedgwick by providing medical records review reports which selectively review or ignore evidence, such as occurred in Plaintiff's claim, in order to provide opinions and report(s) which were favorable to Defendants and which supported the denial of Plaintiff's claim.

21.     Sedgwick informed Plaintiff in a letter dated September 30, 2013 it had made a final decision to deny her claim for continued short term disability benefits and that she had exhausted her administrative remedies pursuant to ERISA.

22.     Upon information and belief, Sedgwick's September 30, 2013 denial letter confirms it failed to provide a full and fair review pursuant to ERISA because it completely failed to credit, reference, consider, and/or selectively reviewed and de-emphasized most, if not all of Plaintiff's reliable evidence.

23.     From the time Sedgwick originally evaluated Plaintiff's claim for short term disability benefits through the present, Plaintiff has remained unable to engage in any occupation due to her medical conditions and resulting limitations.

24.     Upon information and belief, Sedgwick denied Plaintiff a lawful, full and fair review pursuant to ERISA for various reasons including but not limited to: arbitrarily rejecting Plaintiff's reliable evidence, failing to credit and consider all evidence submitted by Plaintiff or de-emphasizing the medical evidence supporting Plaintiff's disability and emphasizing evidence which suggested an opposite conclusion, disregarding Plaintiff's self-reported symptoms, failing to consider all the diagnoses and/or limitations set forth in her

medical evidence as well as the combination of those diagnoses and impairments and failing to obtain an Independent Medical Examination when the STD Plan allowed one and Plaintiff's disabling conditions could not be reasonably or fully evaluated by reviewing only her medical records, failing to consider the side effects Plaintiff's medications would have on her ability to work in her occupation.

25.     Sedgwick failed to adequately investigate her claim and failed to engage Plaintiff, her attorney and/or her longtime treating medical professional in a dialogue during the appeal with regard to what evidence was necessary so Plaintiff could perfect her appeal and claim.  Sedgwick's failure to adequately investigate the claim and to engage Plaintiff in this dialogue or to obtain the evidence it believed was important to assist in perfecting the claim is a violation of ERISA and Ninth Circuit case law and a reason she did not receive a full and fair review.

26.     Sedgwick has notified Plaintiff she has exhausted her administrative appeals as it relates to her STD claim.

27.     In evaluating Plaintiff's claim on appeal, Defendants had an obligation pursuant to ERISA to administer Plaintiff's claim "solely in her best interests and other participants" which it failed to do. [2]

28.     Plaintiff is entitled to discovery regarding the aforementioned conflicts of interest and any individual or company who was involved in and/or reviewed Plaintiff's

---

[2] ERISA sets a special standard of care upon a plan Sedgwick, namely, that Sedgwick "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan.  *See* 29 U.S.C. § 1104(a)(1).  ERISA simultaneously underscores the particular importance of accurate claims processing by insisting that Sedgwick's "provide a 'full and fair review' of claim denials."  *See Firestone*, 489 U.S. at 113, 109 S. Ct. 948, 103 L. Ed. 2d 80 (quoting 29 U.S.C. § 1133(2)).  ERISA also supplements marketplace and regulatory controls with judicial review of individual claim denials. *See* 29 U.S.C. § 1132(a)(1)(B); and, *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2350 (2008).

claim and the Court may properly weigh and consider evidence regarding the nature, extent and effect of *any* conflict of interest which may have impacted or influenced the decision to terminate her benefits.

29.     With regard to whether Plaintiff meets the definition of disability set forth in the STD Plan, the Court should review the evidence in Plaintiff's claim *de novo* because even if the Court concludes the STD Plan properly confers discretion to Sedgwick, its unlawful violations of ERISA committed during the review of Plaintiff's claim as referenced herein are so flagrant they justify *de novo* review.

30.     As a direct result of Sedgwick's decision to deny Plaintiff's short term disability claim she has been injured and suffered damages in the form of lost short term disability benefits in addition to other potential employee benefits as referenced *supra*, that she may have been entitled to receive from or through the STD Plan and/or Company as a result of being found disabled.

31.     Pursuant to 29 U.S.C. §1132, Plaintiff is entitled to recover unpaid benefits, prejudgment interest, reasonable attorney's fees and costs from Defendants.

32.     Plaintiff is entitled to prejudgment interest at the rate of 10% per annum pursuant to A.R.S. §20-462, or at such other rate as is appropriate to compensate her for losses she incurred as a result of Defendants' nonpayment of benefits.

WHEREFORE, Plaintiff prays for judgment as follows:

A.     For an Order finding that Plaintiff meets the definition of disability set forth in the STD Plan and requiring Defendants to pay Plaintiff disability benefits and any other employee benefits she may be entitled to from the STD Plan and/or Company as a result of being found disabled pursuant to the STD Plan, from the date she was first denied these benefits through the date of judgment and prejudgment interest thereon;

B.     For an Order requiring Defendants to continue paying Plaintiff the aforementioned benefits until such time as she meets the conditions for termination of benefits;

C.     For attorney's fees and costs incurred as a result of prosecuting this suit pursuant to 29 U.S.C. §1132(g); and

D.     For such other and further relief as the Court deems just and proper.

DATED this 26th day of November, 2013.

SCOTT E. DAVIS. P.C.

By: _/s/ Scott E. Davis_____
    Scott E. Davis
    Attorney for Plaintiff